MORGAN, LEWIS & BOCKIUS LLP
Daryl S. Landy, Bar No. 136288
daryl.landy@morganlewis.com
Nancy Nguyen, Bar No. 301677
nancy.nguyen@morganlewis.com
600 Anton Boulevard, Suite 1800
Costa Mesa, CA 92626-7653
Tel: +1.714.830.0600
Fax: +1.714.830.0700

Attorneys for Defendant
JPMORGAN CHASE BANK, N.A.
(incorrectly named as J.P. MORGAN CHASE
NATIONAL CORPORATE SERVICES, INC.
dba J.P. MORGAN CHASE BANK)

*Note changes made by the Court.*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CATHY J. VAN HUISEN,<br><br>Plaintiff,<br><br>vs.<br><br>J.P. MORGAN CHASE NATIONAL CORPORATE SERVICES, INC. dba J.P. MORGAN CHASE BANK; ALBERT BROOKS; EDWARD ELY, and DOES 1-50 Inclusive,<br><br>Defendant. | Case No. 8:17-cv-02031-DOC-KES<br><br>**STIPULATION AND [~~PROPOSED~~] PROTECTIVE ORDER**<br><br>Complaint Filed: October 3, 2017 |

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
COSTA MESA

STIPULATION AND [PROPOSED]
PROTECTIVE ORDER

Plaintiff Cathy J. Van Huisen ("Plaintiff") and Defendant JPMorgan Chase Bank, N.A. ("Defendant," incorrectly named as "J.P. MORGAN CHASE NATIONAL CORPORATE SERVICES, INC. dba J.P. MORGAN CHASE BANK") (together, the "Parties"), by and through their counsel of record agree and stipulate as follows:

Good Cause Statement

WHEREAS, Plaintiff has requested documents evidencing transactions performed for customers and clients by Plaintiff, documents that potentially could include private financial information of Defendant's customers or other private information concerning non-parties, and internal operational documents that are confidential and proprietary;

THEREFORE, IT IS STIPULATED AND AGREED, by and between Plaintiff and Defendant and their respective undersigned counsel of record that:

## [PROPOSED] PROTECTIVE ORDER

## DEFINITIONS

1. For the purpose of this Order:

    (a) "Information" is defined broadly to include information in any form, whether provided in response to a request for information, in documents, or in testimony;

    (b) "Document" is defined broadly to include tangible paper as well as information stored electronically on disc, tape or otherwise;

    (c) "Confidential Material" is defined to include information designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" or provisionally treated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" under the terms of this Order.

## SCOPE, DESIGNATION AND USE OF CONFIDENTIAL MATERIAL

2. The Parties acknowledge that they will be requesting and exchanging documents and information solely because they are parties to the Litigation and therefore agree that all material exchanged between them will be used only for purposes of and in connection with prosecuting or defending this Litigation, actions that have been related to this Litigation, and/or alternative dispute resolution efforts between the parties hereto and for no other purpose. In addition, the parties acknowledge that certain of the documents and materials exchanged in discovery in this Litigation will be sensitive and confidential and deserve additional protections from disclosure, as set forth in this Order. Counsel for each party, and each person receiving Confidential Material must take reasonable precautions to prevent the unauthorized or inadvertent disclosure of such information.

3. A party or non-party subject to discovery in the Litigation may designate as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" documents or information produced in discovery that the party or non-party considers in good faith to contain confidential information, including but not limited to information falling within the following categories:

(a) <u>Confidential Information</u>. "CONFIDENTIAL INFORMATION" is defined herein as:

(i) a trade secret or other confidential research, development or commercial information; and/or

(ii) any sensitive personal information of nonparties, the parties, or their managers, representatives or employees, current or former, including the following: Social Security number, date of birth, medical records, medical information, personnel records, address(es), telephone records/numbers, e-mail address(es), wage and benefit data, account numbers, tax records, and other financial

information such as credits, loans, or other business transactions, assets, and/or income data;

    (b) <u>Attorneys' Eyes Only Information</u>. "ATTORNEYS' EYES ONLY INFORMATION" is defined herein as CONFIDENTIAL INFORMATION which constitutes, discloses, reveals, describes or discusses, in whole or in part, a trade secret within the meaning of the California Uniform Trade Secrets Act, financial statements or budgets of Defendant, provided however, to the extent that any party intends to rely on that party's budgets, financial statements or net worth information in support of, or in defense against, a claim for damages or for recovery of equitable relief of a monetary nature, such information shall be designated as Confidential, and not Attorneys' Eyes Only.

  4. A party or non-party seeking to designate as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" any document that that party or non-party produces in response to a document request or subpoena in the Litigation shall designate the document as confidential by labeling the document "Confidential" or "Highly Confidential – Attorneys' Eyes Only" on the face of each page of the document, along with an indication identifying the producing party. In the event a producing party elects to produce materials for inspection, no marking need be made by the producing party in advance of the initial inspection. For purposes of the initial inspection, all materials produced will be considered as "Highly Confidential – Attorneys' Eyes Only" and must be treated as such pursuant to the terms of this Order. Thereafter, upon selection of specified materials for copying by the inspecting party, the producing party must, within a reasonable time prior to producing those materials to the inspecting party, mark the copies of those materials that contain Confidential Information with the appropriate confidentiality marking.

  5. If a party believes that a document produced by someone other than that party contains confidential information, the party wishing to designate such

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
COSTA MESA

confidential information under the terms of this Order shall notify the other party in the Litigation in writing that it considers the information confidential, label the affected document with the legend "Confidential" or "Highly Confidential – Attorneys' Eyes Only" on the face of each page of the document along with an indication identifying the party designating the document as confidential, and send a copy of the document with the appropriate "Confidential" or "Highly Confidential – Attorneys' Eyes Only" legend to the non-designating party.

6. A party or non-party seeking to designate as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" any written response to an interrogatory or other request provided by that party or non-party shall designate the response as confidential by clearly indicating the page(s) or section(s) of the response that is designated as confidential, including by placing the legend "Confidential" or "Highly Confidential – Attorneys' Eyes Only" on the face of each page of the response that contains confidential information. If a party believes that a written discovery response served by someone other than the party seeking to designate the response or any portion thereto as confidential, the designating party shall designate the response as confidential by clearly indicating the page(s) or section(s) of the response that is designated as confidential, including by placing the legend "Confidential" or "Highly Confidential – Attorneys' Eyes Only" on the face of each page of the response that contains confidential information, and shall send a copy of the document with the appropriate confidentiality legend to the non-designating party.

7. A party also may designate as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" any deposition testimony by (a) stating orally on the record of a deposition that the entire transcript or portion thereof is "Confidential" or "Highly Confidential – Attorneys' Eyes Only"; or (b) by written notice to counsel for the other party in the Litigation of such designation within seven (7) days after receipt of the deposition transcript.

(a) <u>Disclosure of Confidential Transcripts to the Deponent</u>. Deposition transcripts containing Protected Material may be shown to the deponent for the purpose of correction, but the deponent may not retain a copy of the transcript unless (s)he agrees to be bound by this Protective Order by signing a copy of the Acknowledgement Form.

(b) Transcript pages containing or constituting CONFIDENTIAL INFORMATION shall be separately bound by the court reporter and marked "CONFIDENTIAL" on each page. If a Receiving Party wishes to show non-CONFIDENTIAL portions of a document or transcript containing CONFIDENTIAL INFORMATION to a person or party not described below in Paragraph 12, it shall first redact all pages designated CONFIDENTIAL.

8. The parties shall provisionally treat all documents and written discovery responses as Confidential until five (5) calendar days after receipt of such documents or discovery responses, unless otherwise agreed by the parties in writing. The parties shall provisionally treat all deposition testimony as Confidential until seven (7) calendar days after the receipt of each volume of deposition transcript, unless otherwise agreed by the parties in writing. If no party or non-party has designated documents, written discovery responses, deposition testimony or other information as confidential within these time periods, the documents and information shall thereafter be treated as if they are not Confidential Material, unless and until a party later designates such documents, written discovery responses or deposition as Confidential Material.

9. Failure to designate material as Confidential using the procedures described above shall not operate to waive a party's or non-party's ability to later so designate such material. Information inadvertently disclosed without being designated as confidential may thereafter be designated confidential by promptly notifying the party/ies receiving the information in writing that such information is

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
COSTA MESA

5  STIPULATION AND [PROPOSED]
PROTECTIVE ORDER

confidential, and, where appropriate, sending copies of the designated pages containing confidential information with the appropriate "Confidential" or "Highly Confidential – Attorneys' Eyes Only" legend placed on the face of each page that contains confidential information.

10. Neither the original nor any copy of any document, response, testimony or information which contains or constitutes Confidential Material nor any excerpt, quotation, paraphrase or other description thereof which conveys the confidential contents thereof shall be disclosed to any person, or used for any purpose, except in accordance with the terms of this Order.

11. Access to and disclosure of sensitive personal information and documents that have been designated as "Confidential," including but not limited to employee personnel files and employee payroll information, shall be limited to the to those persons identified in Paragraphs 12(a), (b), (d), and (f) and the employee to whom the personal documents and information relates.

12. Subject to Paragraph 11, access to and disclosure of other documents or information designated by any party or non-party as "Confidential" shall be limited, except as otherwise provided herein, or agreed by the parties in writing, or as otherwise ordered by the Court, to:

> (a) The attorneys of record in this Litigation or any action that has been related to this Litigation and in-house counsel, if any, for said parties, their clerical, paralegal and other employees, and Defendants' managers, officers, executives, and directors, who reasonably need access to the Confidential Material in connection with and to assist with the prosecution or defense of this action, and personnel from any third-party vendors retained to assist the attorneys with document collection, translation, photocopying, scanning, or other services related to the prosecution or defense of this Litigation;

(b) This Court, any court to which a party petitions for discovery of a non-party, and court personnel, including but not limited to court reporters, translators and persons operating video recording equipment;

(c) The parties to this action and those employees of the parties who reasonably need access to the Confidential Material in connection with and to assist with the prosecution or defense of this action;

(d) Any person who authored or received the Confidential Material prior to the commencement of the Litigation;

(e) Any witness not encompassed by the terms of paragraphs 12(c) or 12(d), above, whose deposition is taken in this action or who is being prepared by counsel to give testimony at deposition, provided that any such witness abide by the terms of paragraph 14 below; and

(f) Outside experts and consultants for any party, whose advice or consultation is being or will be used by such party in connection with this Litigation, and their employees who reasonably need access to the Confidential Material in connection with and to assist with the prosecution or defense of this Litigation, provided that any such outside expert, consultant, or their employees witness abide by the terms of paragraph 14 below.

13. Access to and disclosure of documents or information designated by any party or non-party as "Highly Confidential – Attorneys' Eyes Only" shall be limited, except as otherwise provided herein, or agreed by the parties in writing, or as otherwise ordered by the Court, to those persons identified in Paragraphs 12(a), (b), (d), (e), and/or (f).

14. The attorneys for a party may disclose Confidential Material to any person described in Paragraph 12(e), above, provided, however, that the witness first must be shown this Order and agree to abide by its terms by signing the Non-Disclosure Agreement attached hereto as Exhibit 1. Any such deponent or witness

may be shown Confidential Material but shall not retain the original, any copy or any notes of any such Confidential Material.

15. The attorneys for a party may disclose Confidential Material to any person described in Paragraph 12(f), above, provided, however, that the expert, consultant or employee of an expert or consultant first must be shown this Order and agree to abide by its terms by signing the Non-Disclosure Agreement attached hereto as Exhibit 1. Any such expert, consultant or employee of an expert or consultant shall not retain the original, any copy or any notes of any such Confidential Material for longer than three (3) months after the final termination of the Litigation.

16. If a party or any of its representatives, including counsel, inadvertently discloses any Confidential Material to a person not authorized by this Order to use or possess such Confidential Material, the disclosing party shall provide immediate written notice of the disclosure to the party or non-party whose Confidential Material was inadvertently disclosed. The disclosing party shall also promptly take reasonable measures to obtain the return of such inadvertently disclosed information. If a party has actual knowledge that Confidential Material is being used or possessed by a person not authorized to use or possess that material, regardless of how the material was disclosed or obtained by such person, the party shall provide immediate written notice of the unauthorized use or possession to the party or non-party whose Confidential Material is being used or possessed.

17. Any party, through counsel, may make a good faith written objection to the designation of any document, response, testimony or information as "Confidential" or "Highly Confidential – Attorneys' Eyes Only." The good faith written objection must notify counsel for the designating party of the objected-to materials and the grounds for the objection. The parties shall meet and confer in good faith to attempt to resolve the dispute without the intervention of the Court. If it is not possible to resolve the dispute, the party making the confidentiality

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
COSTA MESA

designation shall make a motion before the Court pursuant to Local Rule 37 seeking to preserve the confidentiality designation *or use the telephonic process described on the Court's website*. Applicable California law shall govern the burden and standard of proof on any such motion. The failure to object to the confidential designation shall not be construed as a concession that the information is confidential.

18. Any party or non-party may remove or downgrade its own confidentiality designation of documents or information by providing written notice to the other party or to the parties of the de-designation or downgrade, or by providing new copies of the documents or materials with any confidentiality legend removed or replaced with the appropriate legend.

19. In the event that any brief, memorandum or other paper to be submitted to the Court by or on behalf of a party or non-party contains Confidential Material of any other party or non-party that designated that material as confidential, the party or non-party submitting the Confidential Material to the Court shall file the Confidential Material provisionally under seal *accompanied by an application to file under seal pursuant to Local Rule 79-5*. Good cause must be shown in the application to file under seal *for non-dispositive matters*. If a party needing to submit Confidential Material designated by the other party or a non-party in connection with a brief, memorandum or other paper to be submitted to the Court believes that the confidentiality designation is incorrect, such that the Confidential Material need not be filed provisionally under seal, that party shall meet and confer with the designating party or non-party pursuant to paragraph 17 of this Order reasonably in advance of the date the Confidential Material is to be submitted to the Court. If a non-party designated the material to be submitted to the Court as confidential, the party submitting the Confidential Material to the Court shall meet and confer with that designating non-party reasonably in advance of the date the Confidential Material is to be submitted to the Court and/or provide

STIPULATION AND [PROPOSED] PROTECTIVE ORDER

contemporaneous notice to the non-party that its Confidential Information has been submitted to the Court *with and application to file under seal per Local Rule 79-5.2.2(b)*.

20. This Order shall not and does not constitute an admission or concession or permit an inference that any document, response, testimony or information constituting Confidential Material is, in fact, confidential for purposes other than the proper safeguarding of materials produced in discovery in this Litigation. Conversely, any disclosure of Confidential Material under this Order shall not be construed as a waiver of the confidentiality of the information.

## **TERMINATION OF LITIGATION**

21. After termination of this Litigation, each party shall continue to maintain and limit access and disclosure to all material in the manner provided in this Order. No later than three (3) months after the final termination of the Litigation, including the exhaustion of any appeals and cross-appeals and requests for discretionary review, each person or party subject to the terms of this Protective Order upon request (1) shall either (a) return all materials produced to it in discovery to the party or non-party that produced the document, written response or information; or (b) destroy all materials produced to it in discovery to the party or non-party that produced the document, written response or information, and (2) shall promptly certify in writing to the other party and any non-parties that such documents have been destroyed or returned. Nothing herein shall obligate any person or party to destroy (i) attorney work product, including, without limitation, attorney notes or memos, collections of documents used for litigation purposes, and deposition summaries; (ii) any transcript of any deposition, hearing, or trial proceeding and exhibits attached to such a transcript; and/or (iii) any pleading or paper served on another party or filed with the Court in the Litigation, and any exhibits attached to such a pleading or paper.

22. ~~This Court shall retain jurisdiction over the Litigation following its termination (whether by judgment, settlement, or otherwise) for the purpose of enforcing this Order.~~

## **MISCELLANEOUS**

23. If any party receives from a third party a subpoena, discovery request or other demand for information disclosed in this case by the other party or a non-party, the party receiving the subpoena, discovery request or other demand shall immediately notify the producing party or non-party that it has received a demand for the information, and shall not provide any response or information until at least fifteen (15) days have passed from said notice, unless the subpoena provides a shorter time period. The party receiving the subpoena, discovery request or other demand shall reasonably cooperate with the designating party if the producing party or non-party seeks a protective order or other limitation on disclosure of the Confidential Material. The producing party shall pay the reasonable expense of such cooperative efforts.

24. Nothing in this Order and no action taken pursuant to it shall be construed or asserted to be (a) an agreement by the parties to produce any documents or supply any information or testimony in discovery not otherwise agreed upon or required by applicable California law; (b) a waiver by any person or party of any right to object to or seek a further protective order with respect to any discovery request in this or any other action.; or (c) a waiver of any claim of immunity or privilege with regard to any testimony, documents or information.

25. Nothing in this Order and no action taken pursuant to it shall be construed or asserted to waive any objection to the alleged relevancy or admissibility of any document, testimony or other evidence at any proceeding in the Litigation.

Morgan, Lewis & Bockius LLP
Attorneys At Law
Costa Mesa

26. This Order does not govern the treatment of Confidential Material at trial, which the parties and the Court will address by a Stipulation and Order issued at an appropriate time in the future.

27. This Order may be modified in part or entirely by ~~written agreement of the parties hereto or upon~~ application to and entry of an Order by the Court *upon the parties' agreement or* for good cause shown.

Dated: June 14, 2018     MORGAN, LEWIS & BOCKIUS LLP

By /s/ Daryl S. Landy
Daryl S. Landy
Nancy Nguyen
Attorneys for Defendant JPMORGAN CHASE BANK, N.A. (incorrectly named as J.P. MORGAN CHASE NATIONAL CORPORATE SERVICES, INC. dba J.P. MORGAN CHASE BANK)

Dated: June 14, 2018     BERNARD & BERNARD

By /s/ Stephen Bernard
Stephen Bernard
Attorneys for Plaintiff
CATHY J. VAN HUISEN

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

## FILER'S ATTESTATION

I, Daryl Landy, am the ECF user whose identification and password are being used to file this Stipulation and [Proposed] Protective Order. In compliance with Local Rule 5-4.3.4(2), I hereby attest that Stephen Bernard of Bernard & Bernard has concurred in this filing.

Dated: June 12, 2018　　　　　MORGAN, LEWIS & BOCKIUS LLP

By   /s/ Daryl S. Landy
　　　　Daryl S. Landy

**IT IS SO ORDERED.**

Dated:  June 14, 2018

*/s/ Karen E. Scott*
Honorable Karen E. Scott
United States Magistrate Judge

# EXHIBIT "1" TO PROTECTIVE ORDER
# NON-DISCLOSURE AGREEMENT

I certify that I have carefully read the Protective Order in the case of *Van Huisen v. J.P. Morgan Chase National Corporate Services, Inc. dba J.P. Morgan Chase Bank, et al.*, Central District of California Case No. 17-cv-02031, and that I fully understand the terms of the Order. I understand that Confidential Material is being provided to me pursuant to the terms and restrictions of the Protective Order. I recognize that I am bound by the terms of this Protective Order and I agree to comply with those terms. I certify that I will not reveal Confidential Material to anyone except as allowed by the Protective Order and will maintain all such Confidential Material, including copies, notes or other transcripts made therefrom, in a secure manner to prevent unauthorized access to it.

I hereby consent to the personal jurisdiction of the United States District Court, Central District of California for any proceedings involving the enforcement of that Order.

Executed this day ____ of _____, 20___, at _____, _____.

_____
Signature

_____
Name

_____
Affiliation or Company

_____
Business Address

_____
Home Address